**YAO QIAN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey,[1] Attorney General, Respondents.**

No. 06–5729–ag.

United States Court of Appeals, Second Circuit.

Feb. 15, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Dehai Zhang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Mark C. Walters, Assistant Director; Julie M. Iversen, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Yao Qian, a native and citizen of the People's Republic of China, seeks review of a November 29, 2006 order of the BIA reaffirming, on remand, the July 28, 2003 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying Qian's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yao Qian,* No. A 75 842 328 (B.I.A. Nov. 29, 2006), *aff'g* No. A 75 842 328 (Immig. Ct. N.Y. City July 28, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). We will vacate and remand for new findings, however, if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Jus-*

*tice,* 428 F.3d 391, 406 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We conclude that the BIA's finding that Qian failed to establish eligibility for asylum was not in error. In *Shi Liang Lin,* this Court concluded that the statutory scheme under IIRIRA § 601(a) "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d at 308. Thus, as the Government correctly asserts, Qian was not entitled to asylum based solely on his girlfriend's forced abortion, regardless of the couple's marital status.

Moreover, even assuming that Qian's conduct in arguing with a police officer constituted "other resistance" to a coercive population control program, any claim that he demonstrated past persecution on the basis of such resistance has been waived. *See* Brief of Petitioner–Appellant at 10.

Because Qian failed to establish that he had been subjected to past persecution, he was not entitled to a presumption that he would be subjected to future persecution in China. *See* 8 C.F.R. § 1208.13(b)(1). In this regard, the record supports the BIA's finding that Qian did not demonstrate a well-founded fear of persecution. The BIA accurately observed that Qian testified that he was "not too sure" whether he was wanted by the authorities, and that he failed to provide evidence that a warrant had been issued for his arrest. Further, the BIA appropriately noted that, while Qian contended that he feared arrest and sterilization, and that his family members informed him that cadres had been looking for him, his sister and father did not indicate in their letters that the authorities had ever come looking for him. Further, although Qian contends that the Court must consider cumulatively his alleged threatened arrest, the "attack" by the police officer, and his illegal departure, his illegal departure claim is unexhausted. He never sought relief on that basis before the IJ. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir.2007) (holding that issue exhaustion is mandatory, even if not a jurisdictional requirement). Thus, the BIA reasonably found that Qian failed to meet his burden to establish a well-founded fear of persecution. *See* 8 U.S.C. § 1158(b)(1)(B). As such, the BIA's denial of Qian's asylum application was not in error.

Because Qian was unable to show the objective likelihood of persecution needed to make out an asylum claim based on his own resistance to a coercive family planning policy, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and relief under the CAT, insofar as they shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). And as noted above, to the extent that Qian argues that he is eligible for CAT relief on the basis of his illegal departure from China, that argument is unexhausted. *See Lin Zhong,* 480 F.3d at 121–22, 124.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).